IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUE F.W., <br><br> Claimant, <br><br> v. <br><br> FRANK J. BISIGNANO, <br> Commissioner of Social Security, <br><br> Respondent. | No. 22 C 7143 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Sue F.W.[1] ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security[2] ("Commissioner"), denying her application for a period of disability and disability insurance benefits. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 8]. After reviewing the record and the parties' briefs, the Court grants Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 20] and denies the Commissioner's Motion for Summary Judgment [ECF No. 25]. This case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

1

# BACKGROUND

## I. Procedural History

On March 7, 2020, Claimant protectively filed an application for a period of disability and disability insurance benefits, alleging a disability beginning April 22, 2019. (R.39). Her application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.36). A telephonic hearing was held on November 4, 2021, and all parties participated in the hearing by telephone. Claimant testified at the hearing and was represented by counsel, and a vocational expert also testified. (R.36). On February 24, 2022, the ALJ denied Claimant's application for disability insurance benefits, finding her not disabled under the Social Security Act. (R.36-53). The Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any

substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since April 22, 2019, the alleged disability onset date. (R.39). At step two, the ALJ found Claimant had the following severe impairments: obesity, fibromyalgia, Sjogren's syndrome, bilateral carpal tunnel syndrome status post-surgical releases, degenerative disc disease, lumbar spine status post-surgery, and hypertension. (R.39). With respect to Claimant's mental impairments, which the ALJ found to be not severe, the ALJ undertook the paragraph B analysis and determined that Claimant had mild limitations in all four areas of functioning including: (1) understanding, remembering or applying information; (2) interacting with others; and (3) concentrating, persisting and maintaining pace; and (4) adapting and managing himself. (R.40-42).

At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled the severity of any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (R.42). Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally push and pull with the upper extremities. She can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. She cannot climb ladders or scaffolds. She can occasionally handle with the left non dominant hand and can frequently handle with the right dominant hand. She can occasionally finger and can frequently feel. She should avoid concentrated exposure to extreme cold, and heat, vibration, and pulmonary irritants. She should avoid working with hazardous machine with external moving mechanical parts and driving commercial motor vehicles. She cannot work in high exposed places.

(R.42-43). At step four, the ALJ found that Claimant was not able to perform any past relevant work. (R.50). At step five, the ALJ found there were other jobs in the national economy Claimant could perform based on the testimony of the vocational expert who opined that Claimant could perform the jobs of charge account clerk, information clerk/receptionist, or placer. (R.51-52). Based on these findings, the ALJ concluded Claimant was not disabled. (R.52-53).

## DISCUSSION

### I. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in

4

reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is

5

entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## ANALYSIS

Claimant argues that the ALJ's decision cannot stand in this case because: (1) the ALJ's step five finding was not supported by substantial evidence; (2) the ALJ's RFC assessment is incomplete and not supported by substantial evidence; and (3) the ALJ improperly discounted the limiting effects of Claimant's subjective symptoms and complaints. The Court agrees with Claimant that remand is required for the reasons discussed below.

### I. The ALJ's RFC Is Not Supported by Substantial Evidence

Claimant argues that the ALJ's RFC assessment is incomplete and unsupported because the ALJ failed to explain how the evidence supported her conclusions. Claimant makes two independent arguments challenging the ALJ's RFC assessment: (1) the limitations that the ALJ included in the RFC assessment to accommodate Claimant's ability to use her hands is not supported by substantial evidence; and (2) the ALJ failed to discuss the impact of Claimant's obesity (which

6

the ALJ found to be a severe impairment) on and in combination with her other impairments and did not explain how Claimant's limitations relating to her obesity were incorporated into and or accommodated by the RFC.

The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-1001 (7th Cir. 2004). Social Security regulations require that the RFC assessment must incorporate all of a claimant's limitations that are supported by the medical record. *Id.* at 1001; *see also* 20 C.F.R § 404.1545(a)(1). When assessing the RFC, the ALJ must point to specific evidence and explain how it led to her conclusions. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); Social Security Regulation ("SSR") 96-8p.

In this case, the State agency medical consultants opined that Claimant "was limited with bilateral handling and fingering," but the ALJ found that Claimant had greater limitations in her non-dominant left hand. (R.49). As quoted above in the ALJ's RFC determination, the ALJ determined that Claimant could handle frequently with her dominant right hand but could handle only occasionally with her

7

non-dominant left hand, could finger occasionally with both hands, and frequently feel with both hands. (R.42-43). The ALJ provided the following explanation:

> [C]laimant had a history of carpal tunnel syndrome. She had undergone surgery but continued to allege issues with the use of her hands. There was reduced strength of [sic] examination and she had difficulty picking items up with approximately her fingers to thumb and buttoning (Ex. B9F). These findings support the handling, fingering, and feeling limitations above. Moreover, the claimant admitted her left side was worse than the record side, supporting these differences as well in the residual functional capacity.

(R.50). Aside from Claimant's reports and the ALJ's statement that there was "reduced strength [on] examination" (R.50), the ALJ does not point to any other evidence to support her conclusion that Claimant had different functional ability in the use of her hands. Later in her opinion, however, the ALJ also stated:

> In this case, the objective evidence falls far short of demonstrating the existence of limitations that are of such severity as to preclude the claimant from performing any work on a regular and continuing basis. Because the claimant has failed to establish a correlation between her allegations and the objective medical evidence, and the multiple inconsistencies between her statements and the record, the undersigned does not find the claimant's statements regarding her limitations entirely consistent with the medial evidence and other substantial evidence 20 C.F.R. § 404.1529 and Social Security Ruling 16-3p.

(R.50). In other words, the ALJ found that Claimant's allegations were not consistent with or supported by the objective medical evidence.

In the Court's view, the explanation the ALJ provided to support her assessment of Claimant's ability to use her hands and the limitations she included in the RFC is internally inconsistent. The ALJ relies on Claimant's reports to support the limitations in her ability to use her hands when crafting the RFC, but then later in her decision, the ALJ finds that Claimant's

8

statements are not consistent with the medial evidence. (R.50). It is not clear which of Claimant's statements the ALJ determined are consistent with the record and support the RFC findings and which statements she found are inconsistent, and the ALJ's analysis does not offer any explanation or clarity. In addition, the ALJ does not explain how or why her finding that Claimant showed "reduced strength [on] examination" supports the limitations in the RFC that Claimant had reduced functionality in her left hand in her ability to handle objects as compared to her right hand.

Even if the record evidence could support a finding that Claimant has more significant functional limitations in her ability to use her left hand than her right, the ALJ does not adequately explain how the evidence supported her conclusion that Claimant was limited to frequently handling with her right hand and occasionally with her left. Claimant testified she had difficulty with both hands with more limitations on using her left hand (R.77-84, 89), but the ALJ does not explain how that testimony or any other evidence in the record translated into a finding that Claimant could use her right hand to handle objects frequently (*i.e.* up to two-thirds of the workday) and her left hand occasionally (*i.e.* up to one-third of the workday). This lack of explanation is significant here because the vocational expert testified that if Claimant were limited to only occasionally handling for both hands that would have prohibited all sedentary work. (R.104). Because the ALJ failed to explain how the evidence

9

led to her conclusion, her RFC assessment as to Claimant's use of her hands is not supported by substantial evidence, and remand is required.

Claimant also argues that the ALJ failed to discuss the impact of her obesity on her other impairments. The Court again agrees with Claimant. When assessing a claimant's RFC, the ALJ is required to consider all of her impairments in combination. *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). That includes the combined impact of obesity with all other impairments. *Clifford v. Apfel,* 227 F.3d 863, 873 (7th Cir. 2000). The law is clear that when a claimant is obese, the ALJ must explain the impact of obesity on the other impairments. SSR 19-2p; *Villano*, 556 F.3d at 562; *Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014) (collecting cases).

Here, the ALJ concluded that Claimant's obesity was a severe impairment. (R.39). By definition, this means the ALJ found that Claimant's obesity more than minimally impacted her ability to perform basic work-related tasks. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 404.1522(a). The Court recognizes that the ALJ noted the relevant regulation (*i.e.*, SSR 19-2p), but the ALJ did not specifically discuss Claimant's obesity in the context of her other impairments, including her lumbar degenerative disc disease, lumbar radiculopathy, right knee degenerative changes, or fibromyalgia, and whether those impairments would be even more limiting because of her obesity. It is not enough for the ALJ to merely note that obesity can impact other conditions. Rather, the ALJ must consider how Claimant's obesity impacted her other

10

impairment, if at all, and explain why she concluded that Claimant's obesity in combination with those other impairments did not have any work-preclusive effect. The ALJ did not do that here, and therefore, remand is required.

For all these reasons, the Court finds that the ALJ's RFC assessment is incomplete and inadequately supported, and the ALJ did not provide the requisite logical bridge between the record evidence and her conclusions. Therefore, remand is required.

## II. The ALJ's Analysis of Claimant's Subject Symptoms Is Not Supported by Substantial Evidence

Claimant also argues that the ALJ improperly discounted the limiting effects of her subjective symptoms and complaints. When evaluating a claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano*, 556 F.3d at 562 (citations omitted); *see also* 20 C.F.R. § 404.1529(c); SSR 16-3p. An ALJ also may not discredit a claimant's testimony about her symptoms "solely because there is no objective medical evidence supporting it." *Villano*, 556 F.3d at 562 (citing 20 C.F.R. § 404.1529(c)(2)); *see Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony.").

Even if a claimant's symptoms are not supported directly by the medical evidence, the ALJ may not ignore circumstantial evidence which does support claimant's credibility. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir.

2003). SSR 16-3p requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, at 4.

When summarizing the record, the ALJ discussed a Function Report submitted by Claimant, which provided in relevant part:

> [Claimant] is not able to stay on task due to pain and medication. She could not sit for longer than 15 to 20 minutes and stand longer than 15 to 20 minutes. She has a problem retaining information. She is constantly tired and in pain. The claimant is also not able to get out of bed due to pain. She is not able to sleep due to pain or swelling in the joints. The claimant needs help putting on her shoes, boots, and socks. She uses a grab bar to shower and cannot get up and down. The claimant does not shave, but is able to feed herself. She will use the wall and sink to use the toilet. She can use the microwave instead of the stove to prepare meals. She can also prepare oatmeal, sandwiches, fruit, and yogurt. She does not do outdoor chores and every 2-3 days will wash undergarments and outfits. She can shop by mail. She had no hobbies or interest and she used to read and watch TV but cannot sit for long periods. Due to the pandemic, she does not visit others. Otherwise, outside of the pandemic, she could not visit long due to difficulty sitting. She had difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, remembering, completing tasks, concentrating, and using hands. She can walk about five minutes and rest five minutes. She could pay attention 15 minutes. She did not use recipes and will forget along with spoken instructions. She gets along with authority figures. She did not do well with stress but did okay with changes in routine (Ex. B8E).

(R.44). Notably, this summary is the only time the ALJ discussed Claimant's daily activities in her decision. Based on this summary, Claimant's daily activities were fairly restricted. Clearly, the ALJ did not credit some of Claimant's statements and complaints as discussed above, but the ALJ does not explain which ones and why.

12

The Seventh Circuit also has noted that "pain alone can be disabling," even in the absence of objective test results that evidence a disabling condition. *Stark v. Colvin*, 813 F.3d 684 (7th Cir. 2016); *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). Here, Claimant testified that she is constantly in pain and that she is unable to sleep due to her pain. (R.44). Although the ALJ is not required to accept Claimant's testimony about her pain or any other complaints without question, the ALJ must minimally explain why she did not fully credit Claimant's testimony and how she accommodated the limitations she credited. The ALJ did not do so here, and the Court cannot trace the ALJ's reasoning as to why she accepted some of Claimant's complaints but not others and which complaints she determined were not supported by the medical evidence and why.

Without a more fulsome discussion, it is impossible for this Court to conclude that the ALJ built an accurate and logical bridge from the evidence to her conclusions. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The Court cannot assume or speculate what the ALJ was thinking. The ALJ must provide a sufficient explanation as to what evidence she considered, how she weighed that evidence, and why she made the findings she made. As stated above, it is not clear to the Court which of Claimant's statements the ALJ credited and which ones she did not.

The Court is mindful of the deference that is owed to an ALJ's decision and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The Court is not

13

reweighing the evidence, but it simply does not sufficiently understand the ALJ's analysis to be able to conclude that her ultimate decision is supported by substantial evidence. This does not mean the Court agrees with Claimant that she is disabled and cannot work within the meaning of the applicable law. Rather, it means that the ALJ did not sufficiently explain her analysis of Claimant's subjective symptoms for the Court to be able to conclude that the ALJ's decision is supported by substantial evidence. Therefore, remand is required for the reasons discussed above.

Because the Court is remanding this case for reasons discussed above, the Court declines to substantively address Claimant's argument that the ALJ's step 5 finding was not supported by substantial evidence. The Court is not expressing any opinion about the decision to be made on remand as to the step 5 analysis, and it encourages the ALJ to consider Claimant's arguments and to do what is necessary to build a logical bridge between the evidence in the record and the ALJ's ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions.").

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 20] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 25] is

denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

    It is so ordered.

                                      Jeffrey T. Gilbert
                                  United States Magistrate Judge

Dated: May 19, 2025